UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LINDA CREASEY, )<br>)<br>        Plaintiff, )<br>)<br>   v. )<br>)<br>CIGNA LIFE INSURANCE COMPANY OF )<br>NEW YORK and PFIZER LONG-TERM )<br>DISABILITY PLAN, )<br>)<br>        Defendants. ) | 2:07-cv-343-WTL-WGH |

**ORDER DENYING MOTION TO EXTEND
DISPOSITIVE MOTION DEADLINE**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on the Motion to Extend Dispositive Motion Deadline filed by the plaintiff on September 25, 2008. (Docket No. 35). Defendants' Response was filed on October 20, 2008. (Docket No. 44). No reply brief has been filed.

Plaintiff filed this action because she was denied disability benefits under a plan governed by ERISA. Plaintiff seeks an extension of time to file dispositive motions so that the plaintiff may conduct discovery concerning defendant Cigna's conflict of interest, arguing that such discovery is made necessary by the recent Supreme Court decision in *Metropolitan Life Insurance Company v. Glenn,* 554 U.S. ___, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008). The plaintiff also relies upon a recent decision by Chief Judge David F. Hamilton in *Gessling v. Group Long Term*

*Disability Plan for Employees of Sprint/United Management Company,* Cause No. 1:07-cv-483-DFH-WGH (entered Sept. 24, 2008, Docket No. 44).

The issue before the Magistrate Judge at this time is whether the *Glenn* decision and Judge Hamilton's reasoning mandate discovery of facts surrounding a defendant's conflict of interest in every case in which the defendant has a conflict of interest. In this case, defendant Cigna admits that it has such a conflict.

Defendants argue that a suit under ERISA is a review proceeding – not an evidentiary proceeding – and that deferential review of an administrative decision generally means review on the administrative record. *Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan,* 195 F.3d 975, 981-82 (7th Cir. 1999). They argue that allowing discovery outside of the record is generally prohibited in these ERISA cases and that there must be some exceptional circumstances to allow such extra discovery. They argue under *Glenn* that a conflict of interest is only one among multiple factors the court should consider in reviewing benefit denials. They further argue that "[i]n such instances, any one factor will act as a tiebreaker when the other factors are closely balanced, the degree of closeness necessary depending upon the tiebreaking factor's inherent or case-specific importance." *Glenn,* 128 S.Ct. at 2351.

After reading *Glenn* and Judge Hamilton's recent opinion, the Magistrate Judge concludes that to allow conflict of interest discovery in every case in which the defendant has a conflict would broaden the scope of discovery that is currently

restricted in most such cases. To require discovery of the degree of conflict in every case would delay consideration of the plaintiff's claims on the merits, and add undue layers of costs to the ERISA plan charged by statute with making these decisions based upon a fiduciary duty. The Magistrate Judge concludes that discovery is not, therefore, warranted in every case, particularly where the defendant admits that it has such a conflict of interest.

Judge Hamilton recognized this position in his ruling. He made his decision that further briefing and discovery might be necessary in the *Gessling* ruling only after careful review of the record. After full briefing has occurred in ERISA denial of benefit cases, the court may be confronted with three situations. In the first instance, the district court may be able to ascertain that the decision is clearly arbitrary and capricious without further inquiry as to the exact degree the conflict has affected the decision. If so, the decision may be reversed. On the other hand, even where a decision maker has a conflict of interest, it may be so clear from an examination of the administrative record that the decision was not arbitrary and capricious that further discovery concerning the nature of the conflict is not warranted. There would be, of course, a third category of cases in which the evidence surrounding the decision and whether it is arbitrary or capricious is closely balanced, and a determination of the degree of conflict of interest may be necessary to act as the "tiebreaker" among the factors to be considered by the court. Under those circumstances, further discovery and briefing would then be warranted for that particular category of case.

In the case before the Magistrate Judge, no showing has been made at this time by the plaintiff in response to the defendants' summary judgment motion that this case is a close one and that discovery should be allowed at this time. Therefore, the instant motion for extension of time to file dispositive motions to be allowed to conduct discovery concerning the conflict is **DENIED.** The plaintiff should file her responsive brief to the Defendants' Motion for Summary Judgment within thirty (30) days of the date of this entry. The court will conduct its inquiry in this case based upon the briefing before the court. Should the court determine that the case is a close one and that further discovery and briefing concerning the conflict is appropriate to this case, an order to that effect will issue in the same vein that Judge Hamilton used in *Gessling.*

**SO ORDERED.**

**Dated:** October 31, 2008

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Jennifer Jay Kalas
HINSHAW & CULBERTSON
jkalas@hinshawlaw.com

Renee J. Mortimer
HINSHAW & CULBERTSON
rmortimer@hinshawlaw.com

-5-

Bridget L. O'Ryan
O'RYAN LAW FIRM
boryan@oryanlawfirm.com

Daniel Keenan Ryan
HINSHAW & CULBERTSON
dryan@hinshawlaw.com

Amanda Lynn Yonally
O'RYAN LAW FIRM
ayonally@oryanlawfirm.com

-5-