UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LINDA CREASEY,              )<br>                             )<br>        Plaintiff,            )<br>                             )<br>    v.                       )<br>                             )<br> CIGNA LIFE INSURANCE COMPANY OF )<br> NEW YORK and PFIZER LONG-TERM )<br> DISABILITY PLAN,            )<br>                             )<br>        Defendants.          ) | 2:07-cv-343-WTL-WGH |

**ORDER ON PLAINTIFF'S
MOTIONS TO RECONSIDER**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Plaintiff's Motion to Reconsider Order Denying Motion to Extend Dispositive Motion Deadline filed November 3, 2008 (Docket No. 49) and Motion to Reconsider Order Granting Motion to Quash filed November 10, 2008 (Docket No. 52). The Magistrate Judge has considered the responses and reply brief (Docket Nos. 57, 67, 68).

The Magistrate Judge, being duly advised, hereby **GRANTS** the motions to reconsider to the extent that the court has considered the arguments raised by the plaintiff in these two motions. However, the outcome of the original Motion to Extend Dispositive Motion Deadline remains unchanged, the request to extend the dispositive motion deadline remains **DENIED,** and the Order Granting the Motion to Quash remains in effect.

Counsel for plaintiff has eloquently argued why discovery of the nature of a defendant's conflict may be necessary in some benefit denial cases decided under ERISA. However, in a case where the defendant **admits** that it has such a conflict, the Magistrate Judge believes the better course is for the court to examine the merits of the claim before determining whether further discovery is necessary on the degree to which the conflict may exist. In the case before the court, Judge Lawrence will be able to analyze this case starting with the assumption that defendant Cigna Life Insurance Company of New York does have a conflict. He may be able to determine that the decision to deny benefits was arbitrary and capricious without knowing the extent to which the conflict exists. On the other hand, it may be clear that the decision was not arbitrary and capricious, even given the fact of Cigna's admitted conflict. Should this case fall into the third category – those cases in which the decision is a close one – it may then be necessary, as described in *Metropolitan Life Insurance Company v. Glenn,* 554 U.S. ___, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008), that the parties undertake further extensive and expensive discovery which will further delay the ultimate resolution of the case. The Magistrate Judge believes that this approach in prudent in light of the twin goals found in review of ERISA proceedings: (1) that the resolution of the claim be done as accurately and promptly as possible for those who need the benefits, and (2) that neither the claimants (who have few resources) nor the benefit payors (who are holding

funds largely for the purpose of paying claims) be required to engage in extensive and expensive discovery unless it is clearly necessary.

For these reasons, the plaintiff's motions to reconsider are **GRANTED, but the prior Order Denying the Motion to Extend Dispositive Deadline (Docket No. 48) remains in effect, as does the Order Granting the Motion to Quash (Docket No. 51).**

SO ORDERED.

**Dated:** January 5, 2009

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Jennifer Jay Kalas
HINSHAW & CULBERTSON
jkalas@hinshawlaw.com

Renee J. Mortimer
HINSHAW & CULBERTSON
rmortimer@hinshawlaw.com

Bridget L. O'Ryan
O'RYAN LAW FIRM
boryan@oryanlawfirm.com

Daniel Keenan Ryan
HINSHAW & CULBERTSON
dryan@hinshawlaw.com

Amanda Lynn Yonally
O'RYAN LAW FIRM
ayonally@oryanlawfirm.com